IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re the Application of: | ) |
| | ) |
| Naoteru Tsuruta, | ) |
| | ) |
|     Plaintiff/Petitioner, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| Sarah Margaret Tsuruta, | ) |
| | ) |
|     Defendant/Respondent. | ) |

## PETITIONER'S VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION

### INTRODUCTION

1.  Petitioner, Naoteru Tsuruta, a citizen of Japan, brings this action to secure the return of his child, L.M.T., now six (6) years old.

2.  The child is being, and has been, without the consent or acquiescence of Petitioner, wrongfully retained in the State of Missouri in the Eastern District of Missouri by Respondent, Sarah Margaret Tsuruta, an American citizen and mother of the child.

3.  Petitioner brings this action pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2]

4.  The United States and Japan are parties to the Hague Convention.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).
[2] 42 U.S.C. §§ 11601-11610 (2015).

1

5. Article 1 of the Hague Convention sets forth the two principal objects of the treaty: (a) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and (b) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." The Convention seeks to deter the "use of force to establish artificial jurisdictional links on an international level, with a view to obtaining custody of a child,"[3] by vesting the country of "habitual residence" with the exclusive authority to resolve questions of custody.[4] The Hague Convention "rests implicitly on the principle that any debates on the merits of the question, *i.e.* of custody rights, should take place before the competent authorities in the State where the child had its habitual residence prior to its removal."[5] The Convention "is intended to defend those relationships that are already protected…by virtue of an apparent right to custody in the State of the child's habitual residence, i.e. by virtue of the law of the State where the child's relationships developed prior to its removal."[6]

6. The child should be returned to Petitioner in Japan, because under the Convention and ICARA, a preponderance of the evidence establishes that (a) Japan was the habitual residence of the child on or about October 15, 2021, the date when Respondent initially wrongfully retained the child in the Eastern District of Missouri by surreptitiously flying the child from Japan to the Eastern District of Missouri; (b) Petitioner was exercising his rights of custody under Japanese law at the time Respondent

---

[3] Elisa Perez-Vera, Explanatory Report, in 3 Conference de La Haye de droit international prive, Actes et Documents 426, 428 ¶ 11 (1982)("Perez-Vera Report").
[4] *Id.* at 429, ¶ 16.
[5] *Id.* at 430, ¶ 19.
[6] *Id.* at 444, ¶ 65.

2

wrongfully retained the child in the Eastern District of Missouri; and (c) none of the narrow exceptions to mandatory return under the Convention applies.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the Petition under the Hague Convention as implemented through ICARA pursuant to 42 U.S.C. § 11603(a). This Court also has jurisdiction under 28 U.S.C. § 1331, because this is a civil action arising under a federal law and an international treaty to which the United States is a party.

8. This Court has personal jurisdiction over Respondent because she currently resides in the Eastern District of Missouri, will be personally served with process therein, and she currently is wrongfully retaining the child in the Eastern District of Missouri.

9. Venue is proper under 42 U.S.C. § 11603(b) and 28 U.S.C. § 1391(b), as Respondent and the minor child currently live in the Eastern District of Missouri.

## FACTUAL BACKGROUND

10. Petitioner and Respondent met in the United States and began a relationship in October of 2010. The parties began residing together in May of 2011. As a result of this relationship, on July 20, 2015, in Dade County, Florida, Respondent gave birth to the parties' minor child, L.M.T. Petitioner is listed as the father of the minor child on the birth certificate, a copy of which has been attached to this Petition as Exhibit 1.

11. The parties and the minor child began residing in Japan in March of 2018.

12. The parties married in Tokyo, Japan, on March 19, 2018, and the marriage is registered in the County of Meguroku in the country of Japan.

13. Between September 28, 2021, and October 2, 2021, the parties and the minor child vacationed in Miyakojima, Japan.

14. On October 15, 2021, without the knowledge or consent of Petitioner, Respondent took her passport and that of the minor child and purchased two airline tickets, one for Respondent and one for the minor child. On the same date, Respondent and the minor child departed Japan and landed in Hawaii and, after switching planes, made their way to the mainland United States, eventually arriving at the residence of Respondent's parents in St. Charles County, Missouri, in the Eastern District of Missouri.

15. After phone conversations and email correspondence between Petitioner and Respondent, it became more concerning to Petitioner that Respondent would not return to Japan with the minor child as she promised.

16. On November 10, 2021, Respondent filed a Petition for Dissolution of Marriage in the Circuit Court of St. Charles County, State of Missouri. Respondent has never been personally served with the Petition for Dissolution.

**CLAIM FOR WRONGFUL RETENTION UNDER THE HAGUE CONVENTION**

17. Article 3 of the Hague Convention provides as follows:

> The removal or the retention of a child is to be considered wrongful where –
>
> (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph (a) above may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

Hague Convention, art. 3.

18. Under ICARA, an individual raising a claim of wrongful retention must prove the following:

> A petitioner in an action brought under subsection (b) of this section shall establish by a preponderance of the evidence—
>
> (A) in the case of an action for the return of a child, that the child has been wrongfully removed or retained within the meaning of the Convention; and
>
> (B) in the case of an action for arrangements for organizing or securing the effective exercise of rights of access, that the petitioner has such rights.

42 U.S.C. § 11603(e)(1).

19. Article 5(a) of the Hague Convention defines "rights of custody" as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." The Court may take judicial notice of the law of the country of habitual residence. *See*, Hague Convention, art. 14.

20. To make a claim for wrongful retention, Petitioner must show that (a) Japan is the habitual residence of the child; (b) under Japanese law, Petitioner had custodial rights to the child; (c) that the retention by Respondent of the child in Missouri was without the consent or acquiescence of Petitioner; and (d) the continued retention by Respondent of the child in Missouri wrongfully deprives Petitioner of his custodial rights under Japanese law.

21. Japan is the habitual residence of the child. Petitioner and Respondent married in Japan and the parties resided continuously in Japan since at least 2015. To transfer the habitual residence from Japan to the United States, both Petitioner and Respondent jointly must have formed a settled purpose to relocate the child. Petitioner never had any intention of relocating the child from his native country of Japan, and he

remained unaware of the intent of Respondent to relocate with the minor child to the United States until after the wrongful removal and retention on October 15, 2021. That Respondent harbored a secret plan to keep the children in Missouri long enough for her to initiate divorce proceedings in no way represents a joint choice of both parties to relocate the child to Missouri. To the contrary, such secret intent on the part of Respondent represents a willful scheme to wrongfully retain the child in Missouri.

22. With Japan as the country of habitual residence, the Court must look to Japanese law to determine the custody rights of Petitioner. Fortunately, the Western District of Missouri has already considered a similar factual scenario, i.e., where a child born in Japan prior to marriage of the parties, both of whom appear as parents on the birth certification, is subsequently taken out of Japan and to the United States. *See*, ***Quinn v. Quinn,*** Case No. 3:19-05010-C-RK (W.D.Mo., June 18, 2019). Judge Ketchmark held that under these factual circumstances, when the mother removed the minor child from Japan to Missouri, she did so in violation of the custody rights of the father, specifically Article 818(3) and Article 820 of the Japanese Civil Code. Consequently, under Japanese law, a child may not be removed to another country without the consent of both parents.

23. When, on October 15, 2021, Respondent surreptitiously absconded with the minor child and her passport and flew her to the United States without the knowledge or consent of Petitioner, Respondent violated the custody rights of Petitioner, and continues to violate those custody rights by her continued wrongful retention of the minor child in Missouri, as held by the Western District in *Quinn*.

24. Until the acts of Respondent on October 15, 2021, Petitioner had been exercising his custody rights to the child under Japanese law for the entirety of the child's life, and the continued refusal of Respondent to allow the child to return to Japan constitutes wrongful retention in violation of the custody rights of Petitioner.

## PROVISIONAL REMEDIES ALLOWED BY ICARA

25. This Court "[i]n furtherance of the objectives of…the Convention…may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604.

26. Petitioner requests that this Court issue a show cause order and direct that the order be served immediately by United States Marshals on Respondent and that she be brought before this Court.

27. Section 5(b) (Provisional Remedies) of ICARA provides that, in a proceeding under Section 4(b) for the return of the children, "No court exercising jurisdiction…may order…child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604. In this case, the State law referred to in Section 5(b) is that of Missouri. Missouri has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Mo. Rev. Stat. § 452.700 *et seq.,* and its provisions govern the resolution of both domestic and international child custody disputes.

28. Missouri law authorizes this Court to order the appearance of any person who is in this State and who has physical custody or control of the children to appear before the Court in person with the children. Mo. Rev. Stat. § 452.785.1. Furthermore,

Missouri law authorizes this Court to enforce an order for the return of children under the Hague Convention as if it were a child custody determination. Mo. Rev. Stat. § 452.850.

29. Petitioner requests, for the well-being of L.M.T., that he be given immediate access and visitation with his child pending further hearing in this Court.

30. Pending further hearing of this Court, Petitioner requests that this Court issue an immediate order prohibiting the removal of the child from this District by the Respondent or others acting on her behalf, taking into safekeeping all of the child's and Respondent's travel documents, ordering Respondent not to obtain substitute travel documents or allow others acting on her behalf to obtain substitute travel documents, and setting an expedited hearing on the Verified Petition.

## NOTICE OF HEARING

31. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of any hearing pursuant to Mo. Rev. Stat. § 452.746.

## UCCJEA DECLARATION

32. The details regarding the minor children required under the UCCJEA are as follows:

(a) The minor child is presently located, upon information and belief, at 54 Marsala Court, St. Charles, Missouri 63304, without the consent or acquiescence of Petitioner.

(b) Prior to the wrongful retention instituted by Respondent on October 15, 2021, the minor child resided with Petitioner and Respondent at 2-9-2 Kugenuma Ishigami Fujisawa Kanagawa 251-0025 Japan.

(c) Petitioner has no information regarding any custody proceeding concerning the minor child pending in any court of this or any other State, with the exception of the Petition for Dissolution of Marriage filed by Respondent on November 10, 2021, in the Circuit Court of St. Charles County, Missouri, bearing cause number 2111-FC01740.

(d) Petitioner does not know of any person not a party to the proceedings who has physical custody of the minor child or claims to have rights of parental responsibility or legal or physical custody of, or visitation or parenting time with, the minor child.

**ATTORNEY FEES AND COSTS**

33. Petitioner has incurred attorney's fees, suit fees and costs as a result of the wrongful retention of the child by Respondent. Pursuant to 42 U.S.C. § 11607(b), any court ordering the return of a child pursuant to an action brought under the Convention shall order Respondent to pay necessary expenses incurred by or on behalf of Petitioner, including court costs, legal fees and transportation costs related to the return of the child, unless Respondent establishes that such order would be clearly inappropriate.

**RELIEF REQUESTED**

Wherefore, Petitioner respectfully requests the following relief:

(a) An immediate order restraining the removal of the children from this Court's jurisdiction pending a hearing on the merits of this Petition and further providing that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of this Petition;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the children should not be returned to Japan and why such other relief requested in the Verified Complaint should not be granted; and an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c) A final judgment in favor of Petitioner establishing that the children shall be returned immediately to Japan where an appropriate custody determination may be made by a Japanese court under Japanese law;

(d) An order requiring Respondent pay Petitioner's expenses and costs, including transportation costs, suit fees and attorney's fees under 42 U.S.C. § 11607; and

(e) For any such additional relief as may be just and appropriate.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2022.

By: _____
Naoteru Tsuruta


The Marks Law Firm, L.L.C.
Attorneys for Petitioner


/s/Jonathan D. Marks
By: _____
Jonathan D. Marks     #47886
jdm@themarkslawfirm.com
4 CityPlace Drive, Suite 497
Creve Coeur, Missouri 63141
314-993-6300