**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NAOTERU TSURUTA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00425-SPM |
| | ) | |
| SARAH MARGARET TSURUTA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Post-Trial Motion for Entry of Order Establishing a Date Certain and Procedures for Return of Minor Child (Doc. 50), filed on November 7, 2022. Respondent filed a response on November 8, 2022. For the following reasons, the motion will be denied in part and deferred in part until the Court has held a hearing.

I.      BACKGROUND

On September 19, 2022, this Court entered judgment in favor of Petitioner Naoteru Tsuruta on his Verified Complaint and Petition for Return of Child Under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), October 25, 1980, 1343 U.N.T.S. 22514, as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 9001 *et seq.* In its Memorandum Opinion and Order, the Court ordered that the minor child of Petitioner and Respondent (L.T.) "shall be returned to Japan, her country of habitual residence, at Respondent's expense at a reasonable date and time mutually agreed upon by the parties," and that "Respondent shall make all necessary arrangements associated with returning L.T. to Japan." (Doc. 38). On September 23, Respondent filed a Notice of Appeal. (Doc. 41). Respondent requested a stay of implementation of this Court's judgment while the appeal was pending, but that request was denied by this Court on September 30 and then by the Eighth Circuit on October 17.

1

In the instant motion, Petitioner states that Respondent has refused to make arrangements for the return of L.T. to Japan, has failed and refused to engage in discussions regarding that return, and has appeared on the podcast of a local broadcaster stating her intent not to comply with this Court's return order. Petitioner argues that Respondent is actively in contempt of the Court's order and that the Court must take action to enforce that order. Petitioner requests that the Court enter an order specifying a date certain for LT.'s return to Japan, setting forth specific procedures for the return, and providing that Respondent will be held contempt of Court and taken into federal custody if she fails to comply with any requirement of the requested order. Petitioner attaches a proposed order to his motion.

In her response, Respondent states that she has attempted to communicate with Petitioner in order to come to an agreement as to the child's return, but Petitioner has been unresponsive, and that this has complicated Respondent's ability to ensure the prompt return of the child. Respondent takes issue with some of the wording of Petitioner's proposed order. She asks the Court to deny Petitioner's motion or, in the alternative, grant it in part and deny it in part. Respondent attaches her own proposed order.

## II.    DISCUSSION

Petitioner does not identify the legal basis for the relief he seeks in the instant motion. To the extent that Petitioner is asking the Court to enter an order imposing specific requirements beyond those that were in the Court's original judgment (including a specific date for return and specific procedures for that return), the Court construes the motion as one to alter or amend the judgment under Rule 59. Such a motion is untimely. Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, judgment was entered on September 19, and the instant motion was not filed until November 7—49 days later. Petitioner offers the Court no basis on which it could extend the time set forth in

2

Rule 59(e), nor does Petitioner identify any other rule under which the Court might enter an order imposing the specific deadlines and procedures Petitioner proposes. Thus, to the extent that Petitioner asks the Court to enter an order containing these specific deadlines and procedures, the motion will be denied.

To the extent that Petitioner is asking the Court to find Respondent in contempt for failure to comply with this Court's prior order, Petitioner's motion may have merit. Although the Court's order granting the Petition for Return in this case did not contain a specific date by which L.T. must be returned to Japan, the Court's order repeatedly notes that the Hague Convention requires the "prompt" return of a child, requires that L.T.'s return be "at a reasonable date and time," and requires Respondent to "make all necessary arrangements associated with returning L.T. to Japan." More than a month and a half after entry of the Court's order, it appears that Respondent has made no arrangements for L.T.'s return, and Petitioner alleges that Respondent has "refused" to make such arrangements. The facts as alleged by Petitioner suggest that Respondent may be in contempt of the Court's order. At the present time, however, the Court has insufficient evidence from which to make a finding on a motion for contempt.[1] The Court finds that a hearing is necessary so that the parties may present the Court with evidence relevant to Petitioner's argument that Respondent is in contempt of this Court's order requiring L.T.'s return. Accordingly,

---

[1] The Court notes that as a general matter, "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Once that burden is met, the burden shifts to the other party "to show an inability to comply." *Id.* A showing of inability to comply requires a party to "establish: (1) that [the party was] unable to comply, explaining why categorically and in detail,"(2) that [the] inability to comply was not self-induced; and (3) that [the party] made in good faith all reasonable efforts to comply. *Id.* at 506 (internal quotation marks and citations omitted). Although the parties make various statements in their motion and response, no evidence has been presented.

**IT IS HEREBY ORDERED** that Petitioner's Post-Trial Motion for Entry of Order Establishing a Date Certain and Procedures for Return of Minor Child (Doc. 50) is **DENIED IN PART** and **DEFERRED IN PART**. To the extent that Petitioner seeks to, in effect, amend the Court's judgment by requesting entry of the proposed order attached to his motion, or another order requiring a date certain for L.T.'s return to Japan, it is **DENIED**. To the extent that Petitioner requests that the Court find Respondent in contempt, it is **DEFERRED** until the Court holds a hearing on the question of contempt.

**IT IS FURTHER ORDERED** that this Court will hold hearing on Petitioner's motion for contempt on **Wednesday, November 16, 2022, at 1:00 p.m.** Petitioner shall be prepared to offer evidence in support of his argument that Respondent is in contempt of this Court's orders and the specific contempt sanctions Petitioner believes are warranted. Respondent shall be prepared to show cause why she should not be held in contempt or otherwise sanctioned for failure to comply with this Court's order requiring her to make arrangements for the return of L.T. to Japan.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of November, 2022.

4