UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAOTERU TSURUTA, | ) |
|       Petitioner, | ) ) ) |
|       v. | ) )   Case No. 4:22-CV-00425-SPM |
| SARAH MARGARET TSURUTA, | ) ) ) |
|       Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court in this closed case on Respondent Sarah Margaret Tsuruta's Motion for Relief from Judgment. ECF No. 76. Petitioner Naotero Tsuruta has not responded to the motion. For the following reasons, the motion will be denied.

**I.  BACKGROUND**

On April 12, 2022, Petitioner Naoteru Tsuruta (father of minor child L.T.) filed a Verified Complaint and Petition for Return of Child Under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), October 25, 1980, 1343 U.N.T.S. 22514, as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 9001 *et seq.* Petitioner alleged that in October 2021, L.T.'s mother, Respondent Sarah Tsuruta, wrongfully removed L.T. from Japan and retained L.T. in Missouri. Petitioner sought an order requiring that L.T. be returned to Japan. The Court held a trial on August 5, 2022. On September 19, 2022, the Court entered a Memorandum Opinion and Order finding that Petitioner had established all the elements of a prima facie case for return under the Hague Convention[1] and that Respondent had not established

---

[1] "To establish a prima facie case for return of the child under the Convention, the petitioner must show, by a preponderance of the evidence, that: (1) immediately prior to removal or retention, the child habitually resided in another Contracting State; (2) the removal or retention was in breach of the petitioner's custody rights under that State's law; and (3) the petitioner was exercising those

1

either of the affirmative defenses she asserted.[2] ECF No. 38. On the same date, the Court ordered that L.T. be returned to Japan and entered judgment in favor of Petitioner. *Id.*; ECF No. 39. On August 10, 2023, the Eighth Circuit Court of Appeals affirmed this Court's judgment. ECF No. 74.

On August 20, 2025, nearly three years after this Court entered its judgment, Respondent filed the instant Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Respondent asserts that she has discovered that Petitioner misled her and the Court into incorrectly believing that the parties were legally married and that Petitioner had custody rights to L.T. Respondent states that as part of her efforts to connect with L.T. after L.T.'s return to Japan, Respondent "has recently discovered that the parties were not, in fact, legally married in Japan." ECF No. 76, at ¶ 8. She states that to become legally married in Japan, adults are required to sign documentation that is then filed with the local Family Registry where they are residing. *Id.* She acknowledges that at trial, both parties represented that to the Court that they were married, having signed and filed such paperwork as required. *Id.* However, she states that "[i]t has only recently come to light that Respondent never signed such paperwork, and that Petitioner forged her signature to it." *Id.* She asserts that "Petitioner was not truthful with Japanese authorities nor this Court about this alleged marriage status, and Respondent told this Court what she believed based upon what Petitioner falsely represented to her." *Id.* She argues that because the parties were not legally married, Petitioner

---

custody rights at the time of the removal or wrongful retention." *Custodio v. Samillan*, 842 F.3d 1084, 1088 (8th Cir. 2016). "If a petitioner establishes a prima facie case, the child must be 'promptly returned unless one of the narrow exceptions set forth in the Convention applies.'" *Id.* at 1089. (quoting 22 U.S.C. § 9001(a)(4)). Neither the second element nor the third element of the prima facie case was disputed by the parties at the time the Court entered judgment. *See* Respondent's Proposed Mem. Opin., ECF No. 36, at 17 ("The parties do not dispute that Petitioner had rights of custody at the time Respondent returned to the United States, nor do they dispute that these rights were being exercised."). The only issue in dispute with respect to the prima facie case was whether Japan was L.T.'s habitual residence immediately prior to her removal from Japan. *See id.*

[2] Respondent asserted two affirmative defenses: (1) that returning L.T. to Japan would present a grave risk of physical or psychological harm to L.T. or would otherwise place L.T. in danger; and (2) that Petitioner consented and subsequently acquiesced to Respondent's retaining L.T. in the United States.

was not entitled to custody of L.T. under the laws of Japan. *Id.* at ¶ 10. She therefore argues that Petitioner did not show that the removal or retention of L.T. was in breach of Petitioner's custody rights under Japan's laws, as is required for a prima facie case of return. *Id.* (citing *Custodio*, 842 F.3d at 1088). She argues that the Court's prior order must not remain in force and that L.T. should be immediately returned to the rightful custody of Respondent.

Respondent relies on two pieces of evidence to support her motion. First, she submits a report from Patricia J. Hale, a handwriting expert, concluding that someone forged the signatures of Respondent on five documents. Resp't Ex. A, ECF No. 76-1. The documents are not attached to the motion but are described as "Marriage Notification in Japanese Language," "Single Affidavit For Marriage of: Sarah Margaret Lael dated 3-19-2018"; "Marriage Declaration for One Person in Japanese Language," "Divorce Notification in Japanese Language," and "SunTrust Business Account Signature Card dated approx. December 2015 / January 2016." *Id.* Second, Respondent submits an affidavit from Kanayo Okai, who states that she is an attorney licensed to practice law in Japan who practices primarily in the area of family law. Resp't Ex. B, ECF No. 76-2. Ms. Okai states that under Japanese law, "the mother has sole custody and responsibility when children are born to unmarried parents." *Id.* She cites a Japanese law stating, "A father shall only exercise parental authority with regard to a child of his that he has affiliated if both parents agree that he shall have parental authority." *Id.* She states that according to this law, "in principle, the mother has sole custody of a child born out of wedlock, but if the father acknowledges paternity, the father can be granted sole custody through mutual agreement between the parents." *Id.* Ms. Okai states that this was the state of the law in Japan as of 2022 and remained so as of her August 6, 2025, affidavit. *Id.*

II.   **DISCUSSION**

Respondent seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Rule 60(b)(6) should only be applied in extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025) (quotation marks omitted). "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Id.* at 213 (quotation marks omitted). Additionally, "relief under Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.* at 211 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). The Supreme Court explained:

> Rule 60(b)(6) is a catchall that follows paragraphs (1) through (5). It covers "any *other* reason" that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and "b[e] used to circumvent" their time bars. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11, (1988). Such a broad interpretation of Rule 60(b)(6) would thus violate a "cardinal principle of statutory construction" by making the preceding paragraphs and their limitations periods "superfluous." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted); *see also Fischer v. United States*, 603 U.S. 480, 493 (2024) (avoiding an "unbounded interpretation" of catchall provision that would "render superfluous" a "reticulated list" of provisions).

*BLOM Bank SAL*, 605 U.S. at 211.

4

After review of the record, the Court finds that Respondent is not entitled to relief under Rule 60(b). Respondent argues that she recently discovered that Petitioner misled her and the Court into believing that Respondent and Petitioner were legally married, when in fact they were not. Although Respondent cites Rule 60(b)(6) in her motion, this is, in substance, a motion seeking relief under Rule 60(b)(3). *See* Fed. R. Civ. P. 60(b)(3) (allowing relief from a judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party"); *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) ("To prevail on a Rule 60(b)(3) motion, the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.") (internal quotation marks omitted). Because Respondent's motion is covered by Rule 60(b)(3), Rule 60(c)(1) required that this motion be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). However, Respondent did not file this motion until two years and eleven months after the entry of the judgment. The motion is therefore untimely.[3]

Respondent's citation to Rule 60(b)(6) instead of Rule 60(b)(3) does not permit the Court to disregard the one-year limitation period for motions based on fraud or misrepresentations. *See Middleton v. McDonald*, 388 F.3d 614, 616 (8th Cir. 2004) (affirming the district court's denial of a Rule 60(b) motion premised on fraud or misconduct as untimely where it was filed more than one year after judgment was entered; stating, "Because the substance of Middleton's Rule 60(b) motion is in reality grounded in subsection (3), we agree with the district court that the claim is subject to the one-year limitation period, and Middleton cannot avoid that limitation by labeling the motion as brought pursuant to subsection (6). Subsection (6) is not a permissible means by which to avoid the

---

[3] To the extent that Respondent's motion could be characterized as one pursuant to or Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) or Rule 60(b)(2) (newly discovered evidence), the motion would be untimely under Rule 60(c)(1) for the same reason.

5

time limitation otherwise applicable to a claim of fraud, misrepresentation or misconduct by the adverse party.") (internal citation omitted).

Because Respondent's motion is covered by Rule 60(b)(3), relief under the catchall provision in Rule 60(b)(6) is unavailable. *See BLOM Bank SAL*, 605 U.S. at 211. However, even assuming, *arguendo*, that Respondent's motion could be read to describe circumstances that fall outside of the situations described in Rule 60(b)(1) through (b)(5), relief under Rule 60(b)(6) would be unavailable because Respondent has not established either that the motion was made within a reasonable time or that extraordinary circumstances justify relief.

Respondent's motion was not made within a "reasonable time," as required by Rule 60(c). "What constitutes a reasonable time is dependent on the particular facts of the case in question." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Respondent appears to address the timeliness issue by asserting that she acted diligently upon discovering the basis for her motion. However, Respondent makes no attempt to explain why she did not discover the alleged basis for this motion— her forged signatures on marriage documents—until nearly three years after the judgment in this case. This delay is particularly difficult to understand in light of Respondent's trial testimony indicating that as early as March 2018, Respondent had reason to believe that Petitioner misled her into getting married when she did not intend to do so.[4] Absent any explanation, the Court does not find the nearly three year delay here was reasonable. *See Watkins*, 169 F.3d 544 (expressing "considerable

---

[4] At trial, Respondent testified that that she and Petitioner got married on March 19, 2018, but that she only realized she had gotten married after the fact. ECF No. 35, 150:11-13, 17-19. She testified that Petitioner gave her a document in Japanese that she could not read. *Id.* at 150:21-23. He told her it was a piece of paper so that they could file to get married in Japan, and he told her they needed to do this so she could establish residency and get health insurance. *Id.* at 150:24-151:6. She said, "Okay. That's fine, but I can't read it." *Id.* at 151:7-8. They went to the U.S. Embassy. *Id.* at 150:21. She testified that she only realized the document she had signed was a marriage certificate when the woman at the embassy window congratulated her on having gotten married. *Id.* at 151:9-10. She was in tears and told Petitioner that she did not agree to this and did not want to do it. Tr. 151:14-19.

6

trepidation" about whether a seventeen-month delay in filing a Rule 60(b)(6) motion was reasonable, but ultimately finding that the issue was not properly before the court); *Middleton*, 388 F.3d at 617 (finding three year delay was not reasonable); *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374-75 (8th Cir. 1993) (finding three-and-a-half year delay was not reasonable).

Respondent also has not shown "extraordinary circumstances" that would justify relief under Rule 60(b)(6). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Service. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). However, "[r]elief under [Rule 60(b)(6)] is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins*, 169 F.3d at 544).

Respondent argues that the equities weigh in favor of granting relief and that denying relief would result in a miscarriage of justice. ECF No. 76, at 5. She also argues that "[t]he balance of equities, including the absence of undue delay, the diligence of the movant, and the lack of prejudice to the opposing party, all support the exercise of the Court's discretion to open the judgment." *Id.* at 6. However, she does not explain how these factors apply to the facts of this case, nor does she cite any cases finding extraordinary circumstances in situations similar to those here.[5] The Court finds

---

[5] The cases cited by Respondent involve completely dissimilar factual situations and are not helpful to the Court in assessing whether the facts of the present case constitute extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005) (holding the district court correctly denied relief under Rule 60(b)(6) to a habeas petitioner based on a Supreme Court decision that was made after judgment; reasoning that the petitioner's lack of diligence in pursuing the issue on appeal "confirms that [the Supreme Court decision] is not an extraordinary circumstance justifying relief from the judgment in petitioner's case"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 383, 393-94 (1993) (holding that an attorney's inadvertent failure to file a proof of claim within a deadline set by the court could constitute "excusable neglect" within the meaning of a particular bankruptcy rule; discussing Rule 60(b)(1) as a rule in which "excusable neglect is understood to

7

that the factors cited by Respondent do not weigh in favor of a finding of extraordinary circumstances. The Court does not agree with Respondent that the equities weigh in favor of granting relief here. Respondent had the opportunity to investigate and litigate each of the elements of the prima facie case for return during the 2022 proceedings in this case, but she did not do so. Based on both parties' representations to the Court, the Court ordered that L.T. be returned to her country of habitual residence so that L.T.'s custody could be adjudicated by the Japanese courts. Respondent's new contention that Petitioner has no right to custody of L.T. under Japanese law is a matter for the Japanese courts to address in assessing custody of L.T., not a question for this Court to address three years after its judgment requiring L.T.'s return to Japan under the Hague Convention. *See Acosta v. Acosta*, 725 F.3d 868, 875 (8th Cir. 2013) ("The Hague Convention is not designed to resolve underlying custody disputes, but rather to ensure that such disputes are adjudicated in the appropriate jurisdiction.") (internal citations omitted). The Court also does not agree with Respondent that Petitioner would not be prejudiced by the granting of Respondent's motion. To the contrary, it would be extremely prejudicial to Petitioner to undo a three-year-old judgment returning his daughter to

---

encompass situations in which the failure to comply with a filing deadline is attributable to negligence") (internal quotation marks omitted); *Liljeberg*, 486 U.S. at 863-64 (1988) (holding relief under Rule 60(b)(6) may be appropriate where a judge's failure to disqualify himself violates 28 U.S.C. § 455(a); stating, "in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."); *Klapprott v. United States*, 335 U.S. 601, 615-16 (1949) (instructing the district court to set aside a default judgment of denaturalization under Rule 60(b)(6) after four years where the naturalized citizen alleged that he was in jail, weakened from illness, and was without a lawyer or funds to hire one for the denaturalization proceeding; noting that the naturalized citizen "was no more able to defend himself in the [court where the denaturalization proceeding was brought] than he would have been had he never received notice of the charges"); *Laramore v. Strange*, 1:21-CV-1013-SPM, ECF No. 28 (March 24, 2025) (finding no extraordinary circumstances justified relief under Rule 60(b)(6) in a habeas case); *Friener v. Russell*, 4:23-CV-1279-SRC, ECF No. 14 (Jan. 4, 2024) (noting that Rule 60(b) "is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the Court" and finding no grounds for granting relief under Rule 60(b)).

8

Japan for a custody determination in which he apparently prevailed. In sum, the Court finds that Respondent has not established "extraordinary circumstances" that would justify intrusion into the sanctity of the Court's final judgment in this case.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Respondent Sarah Margaret Tsuruta's Motion for Relief from Judgment (ECF No. 76) is **DENIED**.

**IT IS FURTHER ORDERED** that the status conference set for October 21, 2025, at 10:00 a.m., is **VACATED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of October, 2025.